E-filing

**FILED**
DEC 29 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNTEX (USA) LLC, and ALLERGAN, INC., | No. C 01-02214 MJJ |
| Plaintiffs, | Related Case:<br>No. C 05-02116 MJJ |
| v. | **ORDER GRANTING TEMPORARY RESTRAINING ORDER** |
| APOTEX INC, APOTEX CORP., and NOVEX PHARMA, | |
| Defendants. | |

Pending before the Court is Plaintiffs Syntex (USA) LLC, and Allergan, Inc.'s Ex Parte Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (Doc. #429). Defendants Apotex, Inc., Apotex Corp., and Novex Pharma have filed an Opposition (Doc. #434), and Plaintiffs have filed a Reply (Doc. #439). The Court held oral argument on Plaintiffs' Motion on December 28, 2005. After considering the parties' briefs, supporting declarations, oral argument, and citations to the record evidence, the Court finds that Plaintiffs are entitled to equitable relief and therefore **GRANTS** Plaintiffs' Motion as provided in this Order.

First, the Court finds that Plaintiffs have a strong likelihood of success on the merits in defending against Defendants' claim that the U.S. Patent No. 5,110,493 ("the '493 patent") is obvious, and specifically against Defendants' claim that there existed motivation to combine the references that Defendants allege render the '493 patent obvious. As the facts now stand, the '492 is entitled to a presumption of validity. *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 447 (Fed. Cir. 1986); 35 U.S.C. § 282. The Court previously concluded that Defendants had not established

1  that the '492 patent was invalid based on obviousness and had failed to show a motivation to combine
2  the references existed. Although the Federal Circuit has remanded for a new determination on these
3  issues, Plaintiffs have identified sufficient evidence in the record to show that there is a reasonable
4  likelihood that Defendants will be unable to prove by clear and convincing evidence that the '492 patent
5  is invalid. *See Oakley, Inc. v. Sunglass Hut Int'l.*, 316 F.3d 1331, 1339-40 (Fed. Cir. 2003).

6  Second, absent a temporary restraining order, Plaintiffs will suffer severe and irreparable harm.
7  Plaintiffs have presented compelling evidence that: (1) the release of a generic equivalent to Plaintiffs'
8  product would be devastating to Plaintiff Allergan's goodwill and competitive position in the ophthalmic
9  anti-inflammatory market; (2) the damage to Plaintiff Allergan's goodwill and pricing structure could
10 not be repaired if Defendants' product was pulled off the market following final judgment for Plaintiffs
11 in this matter; and (3) Plaintiff Allergan's goodwill would be further harmed by causing a generic
12 product to be pulled from the market a short time after its general release. *See* October 24, 2003 Order
13 Granting Preliminary Injunction (Doc. #330) at 5-6; Declaration of Julian Gangolli in Support of
14 Plaintiffs' Motion (Doc. #431) at ¶¶ 3-4. Moreover, the harm that Plaintiffs will suffer absent injunctive
15 relief is not remediable by monetary damages and Plaintiffs have no other adequate remedy at law.

16 Third, the balance of hardships tips in Plaintiff's favor because denying relief will subject
17 Plaintiffs to the irreparable harm described above, whereas Defendants will remain in the same position.

18 Fourth, the public interest strongly favors the enforcement of patent rights and encouraging
19 innovation, and Defendants cannot rely on the lower-priced nature of generics to overcome the right of
20 the Plaintiffs to enforce their patent. *See Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 9998 F.2d 985,
21 991 (Fed. Cir. 1993); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 05-1331, slip op. at 28 (Fed. Cir. Nov.
22 22, 2005). Further, granting injunctive relief promotes judicial efficiency because in the event that
23 Plaintiffs prevail in this litigation, the absence of an injunction will require the Court to engage in the
24 task of quantifying the injury to Plaintiffs caused by Defendants infringing conduct.

25 Based on the foregoing considerations, the Court **GRANTS** Plaintiffs' Ex Parte Motion for
26 Temporary Restraining Order and Order to Show Cause re Preliminary Injunction as follows:

27 Defendants Apotex, Inc., Apotex Corp., and Nova Pharma, along with their representatives,
28 principals, officers, agents, servants, employees, and attorneys, and any persons acting in concert or

1  participation with them, are restrained and enjoined, pending this Court's decision as to whether a
2  preliminary injunction should issue, from commercially manufacturing, using, offering to sell, or selling
3  within the United States or importing into the United States any drug product the approval for which is
4  sought through Abbreviated New Drug Application 76-109.

5      Defendants request that if the Court grants Plaintiffs' Motion, that it require Plaintiffs to post a
6  $50 million bond. Plaintiffs object to this amount, and argue that the Court should require them to post
7  a security bond of no more than $347,927. In determining the appropriate amount of a security bond,
8  the Court considers the length of time Defendants will potentially be enjoined from releasing their
9  product in relation to any potential monetary damage resulting from a lost opportunity to make sales
10 during that time period. In light of the short time the temporary injunctive relief will be in place and
11 based on the parties' competing calculations of the amount of damages that would be directly attributable
12 to the injunction, the Court finds that a $500,000 bond is appropriate.

13 **IT IS SO ORDERED.**

16 Dated: 12/29/2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE